## WILLIAM DRYDEN *v.* DAVID McGEE.

### *In Chancery.*

Bryan McDonald, on the 21st day of December, in the year 1779, obtained from the court of commissioners the following certificate for a settlement and pre-emption, to-wit:

"Bryan McDonald, by David McGee, this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, lying on the west fork of Howard's creek, a branch of Kentucky river, running up the said fork for quantity, by improving the same, and raising a crop of corn in the year 1776. Satisfactory proof being made to the court, they are of opinion that the said McDonald has a right to a settlement of 400 acres of land, to include the said improvement, and the pre-emption of 1,000 acres adjoining, and that a certificate issue accordingly."

And on the 18th day of January, in the year 1780, entered his certificate for settlement, with the county surveyor, in the following words, to-wit:

"Bryan McDonald enters 400 acres, in Kentucky, by virtue of a certificate, etc., lying on the west fork of Howard's creek, a branch of Kentucky, running up the said fork for quantity."

And having obtained his pre-emption warrant, assigned the same to the complainant.

The complainant, on the 8th day of January, in the year 1783, made the following entry on the said pre-emption. warrant with the county surveyor, to-wit:

"William Dryden, assignee of Bryan McDonald, enters 1,000 acres of land on a pre-emption warrant, No. 1,161, on the west side of Howard's creek, adjoining the settlement, to run up the creek on both sides for quantity."

And on the 26th day of January, 1784, withdrew 200 acres, part of the said pre-emption, and re-entered the same 200 acres, in the following words, to-wit:

" William Dryden withdraws 200 acres of his pre-emption, being that part which is taken away by a prior claim, and re-enters the same: beginning at a buckeye and sugar tree, a corner to Bryan McDonald's settlement; thence south 19 west, 120 poles to a buckeye; thence south 71 east, 300 poles to two sugar trees; thence north 19 east, 120 poles to a stake in the line of Bryan McDonald's settlement; thence north, 71 west, 300 poles to the beginning."

And having surveyed the said settlement, and the pre-emption as to 800 acres, in the manner described on the plat, obtained patents for the same.

The defendant, David McGee, on the 21st day of December, in the year 1779, obtained from the said court of commissioners, the following certificate, to-wit:

"David McGee this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, lying on the head of Duit's creek, a branch of Kentucky river, joining the surveys of James Hickman and Patrick Henry, by settlement made in the year 1775, and raising a crop of corn in the year 1776. Satisfactory proof being made to the court, they are of opinion that the said McGee has a right to a settlement of 400 acres, including the said improvement, and the pre-emption of 1,000 adjoining, and that a certificate issue accordingly."

And on the second day of February, in the year 1780, entered

Dryden *v.* McGee.

his certificate for settlement, with the county surveyor, in the following words, to-wit:

"David McGee enters 400 acres by certificate, etc., lying on the head of Duit's creek, a branch of Kentucky river, joining the survey of James Hickman and Patrick Henry."

And having obtained a pre-emption warrant, entered the same with the county surveyor, on the 13th day of September, 1780, in the following words, to-wit:

"David McGee enters a pre-emption warrant of 1,000 acres adjoining his settlement on the north-east, and William Robinson on the east."

And having surveyed the said settlement and pre-emption, in the manner described on the connected plat, obtained patents for the same, of earlier dates, than those of the complainant.

The annexed connected plat, No. 20, was returned in this cause, of which the following is an explanation:

*No* 20

A B C D, Bryan McDonald's settlement, according to survey. A B E F, William Dryden's, assignee of Bryan McDonald, 800 acres, part of pre-emption. *a b c d*, David McGee's settlement,

according to survey. *d e f g*, David McGee's pre-emption of 1,000 acres, according to survey. G H I J, James Hickman's military survey of 2,000 acres. *h i k l*, Patrick Henry's military survey of 1,000 acres. G *g h m n o p q r*, William Robinson's pre-emption of 1,000 acres, according to survey. 1 2 3 4 5 6, Robert Searcy's settlement of 400 acres, according to survey. 7 8 9 10, James McMillin's settlement of 400 acres, according to survey. *c s t u*, David McGee's entry of 100 acres, on treasury warrant, according to survey. *a* V W X, James Morrow's survey of 400 acres, on treasury warrant. A *y f Z*, the interference. 1, McDonald's cabin, as agreed by the parties. 2, defendant's improvement. 3, his cabin, as agreed by the parties. 11 to 12, Boone's creek. 13 to 14, west fork of Howard's creek. 15 to 16, dry fork of Howard's creek.

The complainant, who claimed as assignee of Bryan McDonald, both of the settlement and pre-emption, filed his bill alleging that the defendant had surveyed his settlement contrary to his location, his certificate calling to adjoin Patrick Henry's land as well as Hickman's; and also that he had surveyed his pre-emption contrary to location : and that by so entering and surveying his settlement and pre-emption, he had extended to the eastward on his, the complainant's settlement and pre-emption, which he must have designedly done, as he was well acquainted with the land claimed by Bryan McDonald, having located the same with the commissioners for him, and by so doing had made room for a treasury warrant of his own, for 100 acres, and for one of 400 acres for James Morrow. And praying that the defendant might be compelled to convey so much of his pre-emption as should be found to interfere with his settlement and the 800 acres, part of his pre-emption.

The defendant in his answer stated, that the complainant, in surveying on both sides of the west fork of Howard's creek, had surveyed contrary to an agreement made by him with Bryan McDonald, by which it was agreed that neither McDonald nor the defendant should cross the west fork of Howard's creek; but that the defendant should have to the creek in order to get his quantity; and that McDonald should extend up the forks of the said creek to get his quantity. He acknowleged that he obtained McDonald's certificate, and that he made the two entries of 100 and 400 acres, and said he was willing to comply with the agreement, as to the creek being the dividing line.

William McGee proved that Bryan McDonald and the defend-

Dryden *v.* McGee.

ant, in 1776, agreed that the west fork of Howard's creek should be a dividing line between them.

BY THE COURT.—The complainant must recover, of the defendant, all the land which is included in the defendant's pre-emption, on the east side of the west fork of Howard's creek.

Decreed that the defendant convey the interference, containing 52 acres, 2 roods and 16 poles; complainant to pay costs, etc.